Opinion issued February 18, 2010



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-07-00955-CR

———————————

MICHAEL LEE MYLES, Appellant

V.

THE STATE OF
TEXAS, Appellee



 



 

On Appeal from the 344th District Court 

Chambers County, Texas



Trial Court Case No. 10998

 



 

MEMORANDUM OPINION

          Appellant,
Michael Lee Myles, pleaded guilty to possession with intent to deliver more
than 400 grams of cocaine. See Tex. Health &
Safety Code Ann. §§ 481.112(a), (f), 481.102(3)(D) (Vernon 2003). Appellant also
pleaded true to using a deadly weapon during the offense.  After a presentence investigation report, the
trial court assessed punishment at 40 years’ confinement and a $5,000 fine.  We affirm.

ANDERS PROCEDURE

The brief submitted by appellant’s
court-appointed counsel states his professional opinion that there are no
arguable grounds for reversal on appeal and that any appeal would, therefore,
lack merit. See Anders, 386 U.S. at 744, 87 S.Ct. at 1400. Counsel’s brief meets the
minimum Anders requirements by presenting a
professional evaluation of the record and stating why there are no arguable
grounds for reversal on appeal. See Gainous v. State, 436 S.W.2d 137,
138 (Tex. Crim. App. 1969). The State has not filed a reply to the arguments
presented in appellant’s pro se response.

When we receive an Anders
brief from a defendant’s court-appointed attorney who asserts that no arguable
grounds for appeal exist, we must determine that issue independently by
conducting our own review of the entire record. Anders,
386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court-and not
counsel-determines, after full examination of proceedings, whether case is
“wholly frivolous”); Stafford v. State, 813 S.W.2d 503, 511
(Tex.Crim.App.1991). In conducting our review, we consider any pro se response
that the defendant files to his appointed counsel’s Anders
brief. See Bledsoe v. State, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005).

Our role in this Anders
appeal, which includes a pro se response by appellant, is limited to
determining whether arguable grounds for appeal exist. Bledsoe, 178
S.W.3d at 827. If we determine that arguable grounds for appeal exist, we must
abate the appeal and remand the case to the trial court to allow the
court-appointed attorney to withdraw. Id. The trial court must then
either appoint another attorney to present all arguable grounds for appeal or,
if the defendant wishes, allow the defendant to proceed pro se. Id. We
do not rule on the ultimate merits of the issues raised by appellant in his pro
se response. Id. If we determine that there are arguable grounds for
appeal, appellant is entitled to have new counsel address the merits of the
issues raised. Id. “Only after the issues have been briefed by new
counsel may [we] address the merits of the issues raised.” Id.

If, on the other
hand, we determine, from our independent review of the entire record, that the
appeal is wholly frivolous, we may affirm the trial court's judgment by issuing
an opinion in which we explain that we have reviewed the record and have found
no reversible error. Bledsoe, 178 S.W.3d at 826-27. While this Court may
issue an opinion stating why the appeal lacks arguable merit, we are not
required to do so.  Garner v. State, 2009 WL 4640565, *3 (Tex. Crim. App. App. December
9, 2009).  The holding that there are no
arguable grounds for appeal is subject to challenge by an appellant by a
petition for discretionary review filed in the Court of Criminal Appeals. Id.
at 827 & n. 6.

In accordance with Anders and Bledsoe, we have reviewed the
record, read appellant's appointed counsel's Anders brief, read appellant’s pro se
response to that brief, and conclude that no reversible error exists.

CONCLUSION



We affirm the judgment of the trial court
and grant appointed counsel’s motion to withdraw.[1]

PER CURIAM

 

Panel
consists of Chief Justice  Radack and
Justices Alcala and Higley.

Do
not publish.   Tex. R. App. P. 47.2(b).











[1]
              Appointed counsel has a duty to inform appellant of the
result of this appeal and that he may, on his own, pursue discretionary review
in the Court of Criminal Appeals. See Bledsoe v. State, 178 S.W.3d 824,
827 & n. 6 (Tex. Crim. App. 2005); Ex Parte Wilson, 956 S.W.2d 25,
27 (Tex. Crim. App. 1997); Stephens v. State, 35 S.W.3d 770, 771-72
(Tex. App.—Houston [1st Dist.] 2000, no pet.).